IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 08 C 1454 |
| | ) | |
| | ) | |
| PATRICK HROBOWSKI | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Patrick Hrobowski's ("Hrobowski") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion"). This matter is also before the court on Hrobowski's "Motion for Summary Disposition" of his Section 2255 Motion. (Mot. Sum. Disp. 1). For the reasons stated below, we deny Hrobowski's Section 2255 Motion in its entirety. We also deny Hrobowski's Motion for Summary Disposition.

## BACKGROUND

Hrobowski was charged in federal court with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Section 922(g)(1)") and with knowingly possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). Hrobowski was convicted on both counts by a jury on March 8,

1

2006. Hrobowski filed an appeal with the United States Court of Appeals for the Seventh Circuit, and on June 26, 2007, the Seventh Circuit affirmed Hrobowski's convictions.

On March 11, 2008, Hrobowski filed the instant *pro se* Section 2255 Motion. The Government filed a response to Hrobowski's motion on April 2, 2008, and on May 27, 2008, Hrobowski replied with his *pro se* "Motion for Summary Disposition." (Mot. Sum. Disp. 1).

## LEGAL STANDARD

Section 2255 provides, in part, the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000)(stating that "a § 2255 motion must be granted when a defendant's 'sentence was imposed in violation of the Constitution or laws of the United States'")(quoting in part 28 U.S.C. § 2255). The relief sought pursuant to Section 2255 "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A Section 2255 motion "is not a substitute for direct appeal" and "[c]laims not raised on direct appeal

2

are barred from collateral review unless upon review [the court is] convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice." *Fountain*, 211 F.3d at 433-34 (stating that "[i]neffective assistance of counsel claims will generally fit into this mold; they generally are not appropriate for review on direct appeal as they often attempt to rely on evidence outside the record").

## DISCUSSION

In Hrobowksi's Section 2255 Motion, he asserts four grounds upon which he claims that his sentence violated the Constitution, laws, or treaties of the United States: (1) that Congress lacked the legislative jurisdiction to pass Section 922(g)(1) into law, (2) that Hrobowski's trial counsel was ineffective due to the fact that counsel failed to advance the argument that the firearm had lost its interstate commerce character, (3) that the district court lacked the jurisdiction to try, convict, and sentence Hrobowski due to the fact that Title 18 of the United States Code ("Title 18") is unconstitutional, and (4) that the district court erred in failing to allow Hrobowski to fully articulate his objections after his sentence was pronounced. The Government argues that Hrobowski's motion is without merit.

I. Constitutionality of Section 922(g)(1)

Hrobowski first argues that Congress used its Commerce Clause authority in an unconstitutional manner when passing Section 922(g)(1) into law. Hrobowski points to Supreme Court precedent striking down certain other statutes that the Court found were not "sufficiently tied to interstate commerce." (Mot. 4); *United States v.*

3

*Morrison*, 529 U.S. 598, 613 (2000)(holding that the Violence Against Women Act was unconstitutional); *United States v. Lopez*, 514 U.S. 549, 567 (1995)(holding that the Gun-Free School Zones Act of 1990 exceeded congressional authority because it reached conduct that did not substantially affect interstate commerce). Hrobowski argues that Section 922(g)(1), likewise, is not sufficiently tied to interstate commerce and that Section 922(g)(1) should be invalidated.

Hrobowski's comparison between Section 922(g)(1) and other statutes that have been struck down by the Supreme Court based on Commerce Clause challenges, is misplaced. The Supreme Court has indicated that Congress does have jurisdiction to enact a statute when such a statute has a jurisdictional element that ties the statute to exclusively to interstate commerce. *See Lopez*, 514 U.S. at 555 (stating that "[a]ctivities that affected interstate commerce directly were within Congress' power"). In contrast to the invalidated statutes cited by Hrobowski, Section 922(g)(1) contains a jurisdictional element that is tied exclusively to interstate commerce. 18 U.S.C. § 922(g)(1)(stating that a felon may not "possess in or affecting commerce, any firearm or ammunition").

Furthermore, as the Government notes, the Seventh Circuit has affirmatively held that Section 922(g)(1) is constitutional "because it require[s] proof that the defendant possessed a firearm 'in or affecting commerce,'" and that it is therefore "a valid exercise of congressional authority under the Commerce Clause." *United States v. Williams*, 410 F.3d 397, 400 (7th Cir. 2005)(quoting in part 18 U.S.C. § 922(g)(1)). Therefore, we find that Hrobowski has not shown that Section 922(g)(1) is unconstitutional.

II. Ineffective Assistance of Counsel Argument

Hrobowski's second argument is that he received ineffective assistance of counsel due to the fact that his trial counsel failed to advance a jurisdictional argument related to the interstate nature of the firearm that Hrobowski was found to have possessed. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. To establish ineffective assistance of counsel, a defendant must show that: "(1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *Fountain*, 211 F.3d at 434.

Hrobowski has not pointed to any deficiencies by his trial counsel and has not shown that he was prejudiced in any way by his trial counsel's trial strategy and tactics. Hrobowski's sole basis for his ineffective assistance of counsel claim is that his trial counsel did not argue that the jurisdictional element of the gun possession charge was not met due to the fact that the weapon involved had lost its interstate character. As an initial matter, the decision not to raise such an argument by Hrobowski's trial counsel was a tactical decision that can be made by a defendant's counsel and such a decision is entitled to deference. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984)(stating that "[t]here are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way"). Hrobowksi has also not shown that he was prejudiced in any way by his trial counsel's decision not to raise the argument, since such an argument would not have been meritorious. An

5

attorney's decision not to "raise [an] argument, when it was likely to fail, cannot be deemed to be unreasonable behavior by an attorney." *Rodriguez v. United States*, 286 F.3d 972, 985 (7th Cir. 2002). As the Government points out, Seventh Circuit precedent indicates that the jurisdictional element of Section 922(g) is met by a showing that the firearm traveled across state lines prior to a defendant's possession of that firearm. *United States v. Ortiz*, 474 F.3d 976, 982 (7th Cir. 2007). Even if Hrobowski's counsel had advanced the argument that the firearm had somehow lost its interstate character, the jurisdictional element of the crime would not have been defeated. Thus, Hrobowski has not shown that his counsel's performance was ineffective when counsel declined to raise an argument that would not have been meritorious and would not have had an impact on the outcome of the case.

III. Constitutionality of Title 18

Hrobowski next argues that Title 18 is unconstitutional because the legislation that enacted Title 18 did not properly pass both houses of Congress. Hrobowski states that since Title 18 is unconstitutional, the district court lacked the jurisdiction to try, convict, and sentence Hrobowski. The crux of Hrobowski's argument is that a procedural defect in Congress' enactment of Title 18, which allegedly occurred over sixty years ago, has somehow rendered Title 18 void and has completely eliminated the federal courts' subject matter jurisdiction over criminal cases. The Seventh Circuit has addressed the same argument with respect to Title 18 on previous occasions and has described the argument as "'unbelievably frivolous.'" *United*

*States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007)(quoting *United States v. States*, 242 Fed. Appx. 362, 363 (7th Cir. 2007)).  Thus, Hrobowski has failed to present sufficient evidence to establish that Title 18 is unconstitutional or that the district court lacked subject matter jurisdiction to hear his criminal case.

IV. Objections to Sentencing

Hrobowski's final claim in his Section 2255 Motion is that the district court had a duty to allow Hrobowski to state on the record all of his objections to the court's sentence after the sentence was pronounced.  Hrobowski does not argue that he was deprived of the opportunity to state any objections prior to the imposition of his sentence or that he was deprived of the opportunity to speak to the court.  Hrobowski did have the opportunity to state objections and to speak to the court.  In fact, Hrobowski utilized that opportunity.  Hrobowski merely argues that his inability to speak his objections for a second time, after his sentence was imposed, was a violation of his rights.  However, Hrobowski has not pointed to any provision of the constitution, any law, or any Seventh Circuit precedent that would indicate that he had a right to make such statements after the imposition of his sentence.  Therefore, Hrobowski's claim with respect to sentencing procedure lacks merit.

Based upon the fact that all of the claims advanced by Hrobowski in his Section 2255 Motion and his Motion for Summary Disposition lack merit, we deny both the Section 2255 Motion and the Motion for Summary Disposition in their entirety.

7

## CONCLUSION

Based on the foregoing analysis, we deny Hrobowski's Section 2255 Motion and we deny Hrobowski's Motion for Summary Disposition.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 8, 2008