# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 08 C 1454 |
| | ) | |
| PATRICK HROBOWSKI | ) | |

## MEMORANDUM OPINION

This matter is before the court on the issue of whether to enter a certificate of appealability for Petitioner Patrick Hrobowski ("Hrobowski"). For the reasons stated below, we decline to enter a certificate of appealability.

## BACKGROUND

Hrobowski was charged in federal court with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Section 922(g)(1)") and with knowingly possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). Hrobowski was convicted on both counts by a jury on March 8, 2006. Hrobowski filed an appeal with the United States Court of Appeals for the Seventh Circuit, and on June 26, 2007, the Seventh Circuit affirmed Hrobowski's convictions.

Hrobowski filed a *pro se* motion to vacate, set aside, or correct his sentence

1

pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion"). On August 8, 2008, we denied the Section 2255 Motion in its entirety and the Clerk of Court entered judgment on that date. More than three months later, on November 24, 2008, Hrobowski filed a *pro se* notice of appeal. When a petitioner files a notice of appeal, the district court must decide whether to issue a certificate of appealability and, if the court chooses not to issue a certificate of appealability, the court must state its reasons. Fed. R. App. P. 22(b)(1).

**LEGAL STANDARD**

If a court denies a Section 2255 motion and the petitioner wishes to appeal that ruling, the petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

**DISCUSSION**

Since Hrobowski has filed a notice of appeal, the court will address whether to issue a certificate of appealability. Hrobowski has not filed a request for a certificate

of appealability. The Seventh Circuit has noted that "a petitioner who relies on his notice of appeal is hard put to meet the statutory standard. . . ." *West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007). In this case, Hrobowski has merely filed notice of his appeal and has not offered any argument in support of a certificate of appealability whether he has been denied a constitutional right. *See id.* (stating that "[a] notice of appeal does not give reasons, and a silent document rarely constitutes a 'substantial showing' of anything" as it relates to a request for a certificate of appealability).

In denying Hrobowski's Section 2255 Motion, we noted that each of Hrobowski's arguments lacked merit. Hrobowski presented the following claims in his Section 2255 Motion: (1) that Congress lacked the legislative jurisdiction to pass Section 922(g)(1) into law, (2) that Hrobowski's trial counsel was ineffective due to the fact that counsel failed to advance the argument that the firearm had lost its interstate commerce character, (3) that the district court lacked the jurisdiction to try, convict, and sentence Hrobowski due to the fact that Title 18 of the United States Code ("Title 18") is unconstitutional, and (4) that the district court erred in failing to allow Hrobowski to fully articulate his objections after his sentence was pronounced.

With respect to Hrobowski's challenges to the constitutionality of Section 922(g)(1) and Title 18, we noted that such arguments were directly contrary to established Seventh Circuit precedent. The Seventh Circuit has stated that Section 922(g)(1) is "a valid exercise of congressional authority under the Commerce Clause." *United States v. Williams*, 410 F.3d 397, 400 (7th Cir. 2005)(quoting in

part 18 U.S.C. § 922(g)(1)).  With respect to Hrobowski's argument that Title 18 is unconstitutional, the Seventh Circuit has described such an argument as "'unbelievably frivolous.'"  *United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007)(quoting *United States v. States*, 242 Fed. Appx. 362, 363 (7th Cir. 2007)).

With respect to Hrobowski's ineffective assistance of counsel claim, we noted that Hrobowski had not pointed to any deficiencies by his trial counsel and had not shown that he was prejudiced in any way by his trial counsel's trial strategy and tactics.  Finally, with respect to his claim that he was not allowed to fully articulate his objections to his sentence, we noted that such an argument lacked merit since Hrobowski did have the opportunity to state objections and to speak to the court during the sentencing hearing prior to the court entering his sentence and judgment. We further found that Hrobowski did not show that it was a violation of a constitutional right not to have a second opportunity to make statements with regard to his sentence after the sentence was rendered.

With respect to each of Hrobowski's claims, Hrobowski has not made a substantial showing of the denial of a constitutional right and has not shown that the claims deserve further encouragement on appeal.  Since our denial of his Section 2255 Motion, Hrobowski has made no further arguments to indicate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack*, 529 U.S. at 484(quoting in part *Barefoot*, 463 U.S. at 893); *see also West*, 485 F.3d 394 (stating that "it will be the

4

rare case in which a court of appeals espies substantial constitutional *and* statutory questions that the petitioner has not thought it worthwhile to point out")(emphasis in original). Therefore, we decline to issue a certificate of appealability.

## CONCLUSION

Based on the foregoing analysis, we decline to issue a certificate of appealability.

                                      _____
                                      Samuel Der-Yeghiayan
                                      United States District Court Judge

Dated: December 12, 2008